BEN MARKOWITZ, Appellant, *v.* GEORGE M. MAYER and Another, Copartners Doing Business under the Firm Name and Style of GEO. M. MAYER & COMPANY, Respondents.

Second Department, March 20, 1931.

*Lloyd B. Kanter* [*Sidney Squire* with him on the brief], for the appellant.

*Louis Broido* [*Milton S. Harrison* with him on the brief], for the respondents.

CARSWELL, J. The evidence adduced is somewhat vague and confusing. It nevertheless presented a *prima facie* case for submission to the jury. The complaint should be deemed to have been amended to conform to the proof so far as concerned the lack of an allegation that the stock tendered could not be sold for a reasonable price at the time of the tender. The evidence presented an issue of fact as to whether or not the stock could have been sold at a reasonable price at the time the defendants rejected the tender on November 8, 1929. The evidence likewise was sufficient to justify a submission to the jury on the issue of whether or not the plaintiff had notified the defendants that he was holding the stock, after the rejection of the tender, as bailee for the buyer, on the theory that this action was under subdivision 3 of section 144 of the Personal Property Law (added by Laws of 1911, chap. 571, as amd. by Laws of 1925, chap. 560).

The evidence presented a situation that would have justified a jury in finding as a fact that on April 23, 1929, when the contract sued upon was made, two kinds of securities, of the same class of capital stock of the Prudential Bank, were being traded in, to wit, the " free stock " of twenty dollars par value, the permanent certificates for which had issued prior to that date as a consequence of the five for one split-up representing the old capital stock of the bank, and a second group of securities which concerned the increased

segment of the capital (also twenty dollars par value common stock), the subscription contracts for which were completed on April 20, 1929, but the permanent certificates of stock for which had not yet issued, and which latter group of securities on the date of the contract herein were being traded in on a "when, as and if issued," basis. The jury would likewise be free to find that the parties contracted with precise and express reference to this second group of securities; and with this in mind they would be free to determine as a question of fact whether, under all the circumstances of the case, the plaintiff was delinquent in tendering the stock on November 8, 1929, as a consequence of his not having received it from the bank until November 7, 1929, despite evidence indicating he had made several attempts on prior occasions to get the permanent certificates from the bank and despite the fact that the interim certificates or receipts did not issue until as late as September 21, 1929, which certificates were tendered to the defendants and rejected on September 23, 1929, upon the sole ground that such receipts, as distinguished from the permanent certificates, did not constitute a performance of the contract, no point being made with respect to the name of the bank at that time. No motive for delay on the part of the plaintiff could possibly exist in this case, since he did not become entitled to the contract price, with the consequent profit to him, until his delivery of the permanent certificates. The earlier he delivered them, the earlier he got his profit and his money.

The foregoing features and the circumstances under which these parties contracted with each other distinguish this case from the facts involved in the case of *Zimmermann* v. *Timmermann* (193 N. Y. 486), upon which the trial court relied. That case presented no such situation as is involved herein. There the entire issue was on the same basis, while in the case at bar there are two distinct and different bases, which fact was known to the parties at the time they contracted with each other, and at which time, instead of contracting for the purchase of the "free stock," for which the permanent certificates were available on the contract date, the parties contracted for a different group of securities, although part of the same general issue, when they contracted for the "when, as and if issued" stock. That stock on that date necessarily had particular reference merely to that portion of the stock that was involved in the increase of the capital stock of the bank in question.

The name upon the permanent certificates tendered did not excuse a rejection of the tender, since the certificates concerned the institution whose stock defendants contracted to purchase on April 23, 1929, it being the institution operating under the charter of the

Prudential Bank. The so-called merger, so far as appears from the record, was not a merger in fact. It was merely the purchase of one bank by another bank and the utilization of part of the name of the purchased bank to further the corporate purposes of the purchasing bank, whose capital structure remained the same as before the purchase and the same as it was at the time defendants bought the stock on the " when, as and if issued " basis.

The judgment should be reversed upon the law and the facts and a new trial granted, with costs to abide the event.

LAZANSKY, P. J., YOUNG, HAGARTY and TOMPKINS, JJ., concur.

Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event.